UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMY S.,[1]

    **Plaintiff,**

v.

    Case No. 3:20-cv-0239
    Magistrate Judge Norah McCann King

COMMISSIONER OF SOCIAL SECURITY,[2]

    **Defendant.**

## OPINION AND ORDER

This is an action for review of the final decision of the Commissioner of Social Security that, as of August 31, 2016, Plaintiff Amy S. was no longer entitled to Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* This matter is now before the Court, with the consent of the parties*, see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 11, *Defendant's Memorandum in Opposition*, ECF No. 14, *Plaintiff's Reply*, ECF No. 15, and the *Certified Administrative Record*, ECF No. 9. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants *Plaintiff's Statement of Errors* and reverses the Commissioner's decision and remands the action for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

I.        PROCEDURAL HISTORY

Plaintiff was found disabled in November 2008 by reason of bipolar disorder and anxiety. R. 67-75.[3] Plaintiff was thereafter notified that benefits would be terminated because a review of her medical records demonstrated that her disabling conditions had improved and were no longer disabling. R. 92. *See also* R. 142-43 (notice of termination on reconsideration). Plaintiff requested a hearing before an administrative law judge and, on November 7, 2018, Administrative Law Judge Stuart Adkins ("the ALJ") held a hearing at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 38-66. In a decision dated January 29, 2019, the ALJ held that Plaintiff's disability ended on August 31, 2016, and she has not become disabled again since that date. R. 7-32. That decision became the final decision of the Commissioner of Social Security when the Appeals Council denied review on April 23, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 23, 2022, the case was reassigned to the undersigned. ECF No. 17. The matter is ripe for disposition.

II.       LEGAL STANDARD

    A.        **Standard of Review**

A claimant's entitlement to disability benefits must be reviewed periodically to determine, *inter alia*, whether "there has been any medical improvement" in the disabling impairments. 42 U.S.C. § 423(f)(1)(A); 20 C.F.R. § 404.1594(a). "Medical improvement" is defined as "any decrease in the medical severity" of the claimant's impairments, and is based on "improvements in the symptoms, signs, and/or laboratory findings associated with" the claimant's impairments. 20 C.F.R. § 404.1594(b)(1). A finding of medical improvement will

---

[3] The Court will refer to pages in the Certified Administrative Record as "R. __," using the pagination as it appears in the Certified Administrative Record.

result in the termination of benefits if "it is also shown that [the claimant is] currently able to engage in substantial gainful activity." *Id.* at § 404.1594(b)(3). That determination may be based on all of the claimant's current impairments, not just those present at the time of the most recent favorable determination. *Id.* at § 404.1594(b)(5). Unless it is determined that the claimant remains disabled, the Commissioner "will use the new symptoms, signs and laboratory findings to make an objective assessment of [the claimant's] functional capacity to do basic work activities or residual functional capacity and [ ] will consider [the claimant's] vocational factors." *Id*. There is "no presumption of continuing disability," *Kennedy v. Astrue*, 247 F. App'x 761, 764 (6th Cir. 2007)(citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)).

A court reviewing the Commissioner's decision will affirm the Commissioner's conclusion "absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). *See Cutlip*, 25 F.3d at 286. *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the substantial evidence standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal

quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## B. Sequential Evaluation Process

In determining whether a claimant remains disabled for purposes of disability insurance benefits, an eight-step sequential evaluation process will be followed. 20 C.F.R. § 404.1594(f)(1)-(8).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). If so, then the inquiry ends because the plaintiff is no longer disabled.

At step two, the ALJ decides whether the plaintiff has an impairment or combination of impairments meets or equals the severity of an impairment in the Listing of Impairments found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1594(f)(2). If so, then the plaintiff's disability will continue. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ must determine whether there has been medical improvement as defined in 20 C.F.R. § 404.994(b)(1). *Id*. at § 404.1594(f)(3). And, at step four, the ALJ must determine whether any medical improvement is related to the claimant's ability to work, *i.e.*, whether there has been an increase in the claimant's residual functional capacity ("RFC") based on the impairments present at the time of the most recent favorable medical determination. *Id*. at § 404.1594(f)(4). If the ALJ resolves that issue in the negative, the ALJ continues to step five and determines whether a specified exception exists. *See id*. at § § 404.1594(f)(5). On the other hand, if the ALJ resolves that issue in the affirmative, or if certain specified exceptions exists, the ALJ must then proceed to step six.

At step six, the ALJ determines whether claimant's current impairments are severe. *Id*. at § 404.1594(f)(6). At step seven, the ALJ determines the claimant's RFC based on her current impairments and determines whether she can perform her past relevant work. *Id*. at § 404.1594(f)(7). If the claimant can do so, the claimant's entitlement to benefits ends. If the claimant cannot do so, then the ALJ determines at step eight whether there exists in the national economy a significant number of other jobs that the claimant can perform. *Id*. at § 404.1594(f)(8). If the claimant can perform such other work, she will be found to be not disabled and her disability insurance benefits will end. If the claimant cannot do so, her disability continues.

"[T]he ultimate burden of proof lies with the Commissioner in termination proceedings." *Kennedy*, 247 F. App'x 761, 765 (citing *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991)).

**III.    ALJ DECISION AND APPELLATE ISSUES**

Plaintiff was originally found eligible for disability insurance benefits, based on her severe impairments of bipolar disorder and generalized anxiety disorder, as of January 1, 2006.

5

R. 74. It was that determination that the ALJ used in considering whether there has been medical improvement in Plaintiff's condition. R. 12.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. R. 13.

The ALJ also found that Plaintiff's current medically determinable impairments consist of loss of vision in the right eye, nuclear sclerosis, bipolar disorder, manic depressive disorder, anxiety disorder, post-traumatic stress disorder ("PTSD"), and substance addiction disorder, *id*., but that her current impairments, whether considered singly or in combination, neither met nor medically equaled a listed impairment. R. 19.

The ALJ also found that there had been medical improvement since the original disability determination, and that the improvement was related to the Plaintiff's ability to work. R. 20. Although Plaintiff's impairments were severe, *id.*, the ALJ found that, since August 31, 2016, Plaintiff had the RFC to perform a limited range of light work. R. 21.

The ALJ found that this RFC did not permit the performance of Plaintiff's past relevant work as a receptionist. R. 24. Relying on the testimony of the vocational expert, however, the ALJ also found that this RFC would permit the performance of a significant number of jobs in the national economy, including such representative jobs as merchandise marker and mail sorter. R. 25. The ALJ therefore concluded that Plaintiff's disability ended on August 31, 2016, and that Plaintiff has not become disabled again since that date. R. 26.

Plaintiff disagrees with the ALJ's determination, arguing that the ALJ erred in evaluating the mental health opinions and medical evidence, and in finding that Plaintiff could perform a significant number of jobs in the national economy despite her impairments. *Plaintiff's Statement of Errors*, ECF No. 11, PageID# 786. She asks that the decision of the Commissioner be reversed

and remanded with directions for the granting of benefits or, alternatively, for further proceedings. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief,* ECF No. 14.

**IV.    RELEVANT EVIDENCE AND DISCUSSION**

Because the ALJ mischaracterized a finding of one of Plaintiff's treating medical providers, an error that requires remand of this action, the Court will limit its discussion to that issue.

As noted above, Plaintiff was originally found to be disabled since January 1, 2006, by reason of bipolar disorder and anxiety disorder. She has undergone outpatient mental health treatment since that time by her primary care physician, David A. Mesker, M.D., as well as her treating psychiatrists, Darshen Singh, M.D.,[4] and Mahmood Rahman, M.D.[5] In notes from a December 2018 office visit, Dr. Mesker referred to Plaintiff's diagnosed "[b]ipolar affective disorder, remission status unspecified." R. 646. However, in his decision finding that there had been medical improvement in Plaintiff's impairments, the ALJ erroneously read this notation as stating that Plaintiff's bipolar disorder was "in remission." R. 17, 20.

The Acting Commissioner acknowledges this error, *Defendant's Memorandum in Opposition*, ECF No. 14, PageID# 814, but argues that the error was harmless in light of the ALJ's finding that Plaintiff's RFC for light work "is reduced by the effects of the mental impairments of bipolar disorder, anxiety disorder, manic depressive disorder, PTSD, and

---

[4] The ALJ at times referred to this psychiatrist as "Dr. Singh," and at other time as "Dr. Smith." *See, e.g.,* R. 15, 16, 17.
[5] The ALJ erroneously referred to Dr. Rahman as "Dr. Mahmood." R. 16, 17.

substance addiction disorder." *Id*. (citing R. 22).

It is true that courts "are not to second-guess" an ALJ who "simply erred in a factual finding," "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (applying harmless error analysis to an ALJ's credibility determination). However, this Court is not persuaded that the ALJ's error in this instance was harmless. Not only did the ALJ mis-state Dr. Mesker's office note, but the ALJ expressly referred to this mis-statement when he discounted the opinion of Dr. Rahman, Plaintiff's treating psychiatrist. R. 17. The Court is not at all confident that the ALJ would have made the same assessment of Dr. Rahman's opinion had he correctly understood that Dr. Mesker did not characterize Plaintiff's bipolar disorder as "in remission." Under these circumstances, the Court concludes that the matter must be remanded to the Commissioner for further consideration of this issue.

## V. CONCLUSION

The Court therefore **GRANTS** *Plaintiff's Statement of Errors,* ECF No. 11, **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date:  June 22, 2022                             *s/Norah McCann King*
                                                    NORAH McCANN KING
                                            UNITED STATES MAGISTRATE JUDGE